**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CHARLES HOWARD, : Case No. 1:24-cv-667
:
      Plaintiff, :
:
vs. : District Judge Douglas R. Cole
: Magistrate Judge Karen L. Litkovitz
:
STATE OF OHIO, *et al.,* :
:
      Defendants. :
:

## REPORT AND RECOMMENDATION

Plaintiff, currently on pretrial release bond, brings this *pro se* civil action against

defendants State of Ohio, Brittany Lee, Hamilton County Prosecutor's Office, Sherriff's Office

Hamilton County Justice Center, North College Hill Police Department, and Cincinnati

Prosecutor's Office.  (Doc. 1-1, at PageID 2-3).  Plaintiff indicates that his lawsuit "arises under

the Constitution, laws, or treatise of the United States."  (Doc. 1-1, at PageID 3).  The Court

understands the complaint to be filed under 42 U.S.C. § 1983 as plaintiff does not identify any

other federal statute that would govern here.  *See Chapman v. Houston Welfare Rights Org.*, 441

U.S. 600, 624 (1979) (Powell, J., concurring) ("Section 1983 provides a private cause of action for

the deprivation, under color of state law, of 'rights . . . secured by the Constitution and laws.'")

(footnote omitted).  By separate Order, plaintiff has been granted leave to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915.

This matter is before the Court for a *sua sponte* review of the complaint to determine

whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious,

fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant

who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C.

§ 1915(e)(2)(B).

## A.   LEGAL STANDARD

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).   To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.   *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i).   A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.   *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).   An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.   *Neitzke,* 490 U.S. at 327.   An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.   The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.   *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.   28 U.S.C. § 1915(e)(2)(B)(ii).   A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting

*Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under § 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## B.     ALLEGATIONS

Although it is clear that plaintiff seeks to challenge his August 2024 arrest, the contours of his claims are less clear. As such, the Court quotes plaintiff's factual allegations verbatim. The complaint alleges:

I.     Now comes <u>Charles M. Howard</u> Plaintiff, moves this honorable court to order Clerk of Courts office. City of Cincinnati Prosecutor's Office, Hamilton County Prosecutor's

Office, North College Hill Police Department, Hamilton County Sheriff's Office, and Brittany T.R. Lee, to Render Restitutions of Punitive and Compensatory Damage Claims.

II.     On August 23rd, 2024 at 12:58pm made false statements or knowingly swore or affirmed the truth of false statements with the purpose to incriminate another this is the exact and proximate result of Plaintiff punitive damage claim.

III.    North College Hill Police Department aided by Springfield Township Police Department came to 1101 Meadowind Ct. Cincinnati, Ohio 45231 at 02:43pm to apprehend, detain, and arrest Plaintiff, This the exact and proximate result of Plaintiff Compensatory damage claim.

IV.     The Sheriffs Office apprehended, detained, arrested, transported and housed Plaintiff in population at the Justice Center, 1000 Sycamore St. Cincinnati, Ohio 45202, August 23rd, 2024 and was Bonded out October 4th, 2024, This is the exact and proximate result of Plaintiff Compensatory Damage claim.

V.      The City of Cincinnati Prosecutors Office and Hamilton's County's Prosecutors Office, and Brittany T.R. Lee in cases C/24/CRA/14557 and C/24/CRB/14558, caused mental and emotional aguish and distress, and personal injury to reputation in the community. This the exact and proximate result of Plaintiff Compensatory damage claim.

(Doc. 1-1, at PageID 6).

## ANALYSIS

As pled, plaintiff's allegations are insufficient to state a claim upon which relief can be granted in this Court. 28 U.S.C. § 1915(e)(2)(B).

As an initial matter, even though his complaint appears to invoke § 1983, plaintiff has failed to show that any of the named defendants are subject to suit under § 1983. "Section 1983 creates liability for 'persons' who deprive others of federal rights under color of [state] law. Only a 'person' faces liability under the statute." *Hohenberg v. Shelby Cty., Tennessee*, 68 F.4th 336, 342 (6th Cir. 2023) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)). Further, because § 1983, "by its own terms, applies only to those who act 'under color' of state law[,] . . . as

a general rule, § 1983 does not reach the conduct of private parties acting in their individual capacities." *Weser v. Goodson*, 965 F.3d 507, 515 (6th Cir. 2020) (citing *Lindsey v. Detroit Entm't, LLC*, 484 F.3d 824, 827 (6th Cir. 2007)).

It is well-settled that "a State is not a 'person' within the meaning of § 1983." *Will*, 491 U.S. at 65. In addition, the State of Ohio is immune from suit under the Eleventh Amendment. *Boler v. Earley*, 865 F.3d 391, 409-10 (6th Cir. 2017) (citing *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005)) ("Sovereign immunity protects states . . . from suit in federal court."). Police departments, prosecutor's offices, and sheriff's offices are also not persons under § 1983. *See Howard v. Hamilton Cty. Just. Ctr.*, No. 1:19-cv-926, 2019 WL 6686863, at *2 (S.D. Ohio Nov. 13, 2019), *report and recommendation adopted*, 2019 WL 6682153 (S.D. Ohio Dec. 6, 2019) ("a prosecutor's office is not an entity capable of being sued"); *Blair v. Hamilton Cty. Just. Ctr.,* No. 1:18-cv-267, 2018 WL 1997980, at *2 (S.D. Ohio Apr. 27, 2018), *adopted,* 2018 WL 2208297 (S.D. Ohio May 14, 2018) (dismissed in part because the Hamilton County Justice Center is not a person under § 1983); *Matthew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (finding that a "[p]olice [d]epartment is not an entity which may be sued"); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (finding that a "[s]heriff's [d]epartment is not a legal entity subject to suit"). Nor do plaintiff's allegations establish that Brittany T.R. Lee is a state actor subject to suit under § 1983. Plaintiff's claims of constitutional injury against each of the defendants are therefore subject to dismissal.

It is possible that plaintiff named the local entity defendants in an attempt to hold a municipality liable for his alleged injuries. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). "[A] plaintiff can establish municipal liability under § 1983 by showing he

5

was injured pursuant to a municipality's custom or policy." *J.H. v. Williamson Cty.*, *Tennessee*, 951 F.3d 709, 720 (6th Cir. 2020) (citing *Monell*, 436 U.S. at 694). Plaintiff, however, does not allege that he was injured by a policy or custom.

Indeed, even when liberally construed, *see Erickson*, 551 U.S. at 94, it is not clear from the scant allegations contained in the complaint how plaintiff was injured or who injured him. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555)). *See also Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery[.]") (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978)).

Without a complaint that sets forth the relevant factual circumstances underlying plaintiff's alleged injuries, the Court is unable to determine whether the case is even properly before it. It appears from the Hamilton County Clerk of Courts website that both of the criminal matters that underly plaintiff's claims are still pending.[1] Under the *Younger* doctrine, "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37, 44 (1971)). The Court is unable to infer from plaintiff's allegations any unusual or extraordinary circumstances that could not be addressed through his defense at any subsequent criminal trial.

---

[1]*See* https://www.courtclerk.org/data/case_summary.php?toggle=on&court%5BCCV%5D=on&court%5BCCR%5D=on&court%5BMCV%5D=on&court%5BMCR%5D=on&court%5BCDR%5D=on&court%5BCOA%5D=on&casenumber=C%2F24%2FCRA%2F14557&validate_case_number=1 (Case No. C/24/CRA/14557); https://www.courtclerk.org/data/case_summary.php?sec=sched&casenumber=C%2F24%2FCRB%2F14558&submit.x=18&submit.y=19 (Case No. C/24/CRB/14558). This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

In the absence of plaintiff stating a valid federal claim, the Court should also decline to accept jurisdiction over any state-law claims that plaintiff attempts to assert. 28 U.S.C. § 1367.

However, given that plaintiff is proceeding without the assistance of counsel, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**. 28 U.S.C. § 1915(e)(2)(B). It is **FURTHER RECOMMENDED** that plaintiff be permitted to move for leave to file an amended complaint within **THIRTY (30) DAYS** of any Order adopting this Report and Recommendation. Any amended complaint must set forth in clear, short and concise terms the names of each defendant, the specific claims for relief attributable to each defendant, and the factual allegations supporting each such claim. *See* Fed. R. Civ. P. 8. As required by S.D. Ohio Local Rule 5.1, the amended complaint should be legible and double-spaced.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right

to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).


January 24, 2025

KAREN L. LITKOVITZ
United States Magistrate Judge