UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLES HOWARD,

      Plaintiff,

                                             Case No. 1:24-cv-667

  v.

                                             JUDGE DOUGLAS R. COLE

STATE OF OHIO, et al.,            Magistrate Judge Litkovitz

      Defendants.

### ORDER

Magistrate Judge Litkovitz's January 27, 2025, Report and Recommendation (R&R, Doc. 4) recommends that the Court dismiss Plaintiff Charles Howard's Complaint (Doc. 3) without prejudice. For the reasons discussed below, the Court agrees. The Court therefore **ADOPTS** the R&R (Doc. 4) and **DISMISSES** Howard's Complaint (Doc. 3) **WITHOUT PREJUDICE**.

On November 20, 2024, Howard, proceeding pro se, moved for leave to file his Complaint in forma pauperis (IFP). (Doc. 1). The Magistrate Judge granted that motion, (Doc. 2), and Howard's Complaint was filed the same day, (Doc. 3). In it, he names the State of Ohio, Brittany Lee, the Hamilton County Prosecutor's Office, the Sherriff's Office Hamilton County Justice Center, North College Hill Police Department, and the City of Cincinnati Prosecutor's Office as Defendants. (*Id.* at #25–26). On the civil cover sheet, he briefly describes this case as concerning a "Wrongful Arrest 4th Amendment Violation." (Doc. 3-1, #31). Clear enough. Howard is also relatively clear on his request for relief—he asks for $1.5 million in

compensatory damages, $99.9 million in punitive damages, "relief of estate, render costs of suits, mandamus, and further relief the Court deem[s] proper." (Doc. 3, #30).

The rest of Howard's Complaint, however, leaves much to be desired. Specifically, the Complaint consists of five paragraphs that provide the following alleged facts: (1) on August 23, 2024, some unidentified individual "made false statements or knowingly swore or affirmed the truth of false statements with the purpose to incriminate another" (presumably Howard); (2) police arrived at Howard's home a few hours later to arrest him; (3) the police arrested and detained Howard; (4) Howard was released on bond a few weeks later; (5) Howard suffered "mental and emotional a[n]guish and distress, and personal injury to reputation in the community." (*Id.* at #29). Howard provides the Court with no more.

The Magistrate Judge sua sponte screened Howard's Complaint under 28 U.S.C. § 1915(e) and issued the R&R advising the Court to dismiss Howard's Complaint without prejudice. (Doc. 4). First, the R&R construed Howard's Complaint as invoking 42 U.S.C § 1983. (*Id.* at #35). That is understandable as that appears the only potentially viable claim associated with the few facts he provided and his "wrongful arrest" headline. Then the R&R highlighted several deficiencies warranting dismissal. To start, the Magistrate Judge found that Howard's Complaint failed to show that any of the named Defendants are subject to suit under § 1983. (*Id.* at #35–36). Next, it found that if Howard were trying to establish municipal liability under *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978), he had not alleged that his injury was the result of a municipal policy or custom. (*Id.*

2

at #36–37). Finally, and perhaps most critically, the R&R found the Complaint unclear regarding "how [Howard] was injured or who injured him."[1] (*Id.* at #37).[2]

The R&R further notified all parties that failing to object within fourteen days could result in forfeiture of rights on appeal, which includes the right to District Court review. (*Id.* at #38–39); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture" (emphasis omitted)); 28 U.S.C. § 636(b)(1)(C). That deadline has long since passed; no party objected. And in the absence of objections, the Court reviews the R&R only for clear error. *See* Fed. R. Civ. P. 72(b) (advisory committee notes) (noting that "the court need only satisfy itself that there is no clear error on the face of the [R&R]"); *see also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

---

[1] And the R&R said this was the case even when "liberally constru[ing]" Howard's complaint. (Doc. 4, #37). When it comes to pro se litigants like Howard, the Court construes their pleadings liberally and subjects them to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But even so, pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010).

[2] Because the criminal matters underlying Howard's claims were still pending in the Hamilton County Court of Common Pleas at the time the Magistrate Judge issued the R&R, she also had concerns that the *Younger* doctrine might apply. (Doc. 4, #37 & n.1). The *Younger* doctrine is an abstention principle, which prevents a federal court from staying or enjoining "pending state court proceedings except under special circumstances." *Younger v. Harris*, 401 U.S. 37, 41 (1971). However, it appears that on March 13, 2025, the State dismissed Howard's case. *See* Case No. C/24/CRA/14557, Hamilton County Clerk of Courts (last visited April 1, 2025), https://perma.cc/EH5A-H77D. So *Younger* concerns no longer arise.

The Magistrate Judge did not clearly err here. Sua sponte dismissals under § 1915(e) are governed by the same standards that apply to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under that standard, a "complaint must present sufficient facts to 'state a claim to relief that is plausible on its face.'" *Robbins v. New Cingular Wireless PCS, LLC*, 854 F.3d 315, 319 (6th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making that determination, the Court "construe[s] the complaint in the light most favorable to the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (cleaned up). But that does not mean the Court must take everything Plaintiff alleges at face value, no matter how unsupported. The Court may disregard "naked assertions" of fact, legal conclusions, or "formulaic recitations of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

Howard's Complaint contains no discernible factual allegations to support a § 1983 claim. "Simply, [Howard's] allegations here are so barebones that it would be impossible for any court to 'draw the reasonable inference that the defendants are liable for the misconduct alleged.'" *Williams v. Taylor*, No. 1:22-cv-769, 2025 WL 410095, at *15 (S.D. Ohio Feb. 6, 2025) (cleaned up) (quoting *Iqbal*, 556 U.S. at 678). Further, the R&R is right that the Complaint did not establish that any named Defendants are subject to suit under § 1983. *See, e.g.*, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) (finding "a State is not a person within the meaning of § 1983"); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (explaining that police

4

departments are not entities capable of being sued under § 1983); *Black v. Crone*, No. 3:20-cv-2869, 2021 WL 1697885, at *2 (N.D. Ohio Apr. 29, 2021) (same for sheriff's departments and prosecutor's offices); *Howard v. Hamilton Cnty. J. Ctr.*, No. 1:19-cv-926, 2019 WL 6686863, at *2 (S.D. Ohio Nov. 13, 2019), *R&R adopted*, No. 1:19-cv-926, 2019 WL 6682153 (S.D. Ohio Dec. 6, 2019) (explaining "the Hamilton County Justice Center is a building and therefore is not a person subject to suit").[3]

In short, the R&R correctly assessed that dismissal is warranted for multiple reasons. This should come as no surprise to Howard—he filed an eerily similar compliant in 2019 in this same Court, deficient for some of the same reasons noted here. *See Howard*, 2019 WL 6686863, at *2–3.

Consistent with the above, the Court **ADOPTS** the R&R (Doc. 4) and **DISMISSES** the Complaint (Doc. 3) **WITHOUT PREJUDICE**. But the Court **GRANTS** Howard thirty days from the issuance of this Order to move for leave to file an amended complaint, which addresses the deficiencies set forth above. If he chooses to do so, Howard must attach the proposed amended complaint to his motion.[4] If, after thirty days, Howard has not moved for leave, the Court will direct the Clerk to enter judgment and terminate the matter on the docket.

---

[3] As for Defendant Brittany Lee, the Complaint does not explain who this person is at all nor what she allegedly did.

[4] And the Court will repeat and emphasize the Magistrate Judge's directive on this point: "Any amended complaint must set forth in clear, short, and concise terms the names of each defendant, the specific claims for relief attributable to each defendant, and the factual allegations supporting each such claim. *See* Fed. R. Civ. P. 8. As required by S.D. Ohio Local Rule 5.1, the amended complaint should be legible and double-spaced." (Doc. 4, #38).

**SO ORDERED.**

April 2, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**